UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRAVIS WOODS, an individual,

                              Plaintiff,                6:22-cv-00525 (BKS/ATB)

v.

KASZTL WALSH, LLC and
PF MICHAEL WALSH, LLC,

                              Defendants.
_____

**Appearance:**

*For Plaintiff:*
Andrew D. Bizer
Bizer & DeReus
3319 St. Claude Avenue
New Orleans, LA 70117

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On May 18, 2022, Plaintiff Travis Woods brought this action against Defendants Kasztl Walsh, LLC and PF Michael Walsh, LLC, asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights Law § 40 et seq. (Dkt. No. 1). Defendants have not answered the complaint, nor have they otherwise appeared in this action. (*See* Dkt. Nos. 4–5, 8). Presently before the Court is Plaintiff's motion under Federal Rule of Civil Procedure 55(b) for a default judgment against Defendants. (Dkt. No. 11). Plaintiff seeks declaratory and injunctive relief,

compensatory damages, statutory damages, attorneys' fees, and costs.[1] (*Id.*). For the reasons that follow, Plaintiff's complaint is dismissed without prejudice and the motion for default judgment is denied as moot.

## II.   FACTS[2]

Plaintiff has paraplegia stemming from a spinal cord injury and is unable to walk, stand, or use his legs without assistance. (Dkt. No. 1, ¶¶ 5, 6). Accordingly, Plaintiff "require[s] a wheelchair for mobility." (Dkt. No. 11-3, ¶ 3). Defendants are "the owners and/or lessors" of the Michael Walsh Apartments ("the Property").[3] (Dkt. No. 1, ¶¶ 10, 11). Plaintiff "frequently travels past the Property" because it is "located about five [] miles away from [Plaintiff's] home." (*Id.* ¶¶ 16, 17). Plaintiff has "visited the Property to visit friends" who live there. (Dkt. No. 11-3, ¶ 6). Plaintiff has desired and presently desires to enter the Property "to visit friends or access the rental office." (Dkt. No. 1, ¶ 18; *see* Dkt. No. 11-3, ¶ 9).

Plaintiff has observed "mobility-related barriers at the Property." (Dkt. No. 1, ¶ 20). Because of these barriers, Plaintiff "is aware that if he were to try to enter . . . the Property, he would experience serious difficulty accessing the goods and utilizing the services." (*Id.* ¶ 21). Plaintiff is currently "deterred from entering the Property" due to the mobility-related barriers and, as a result, is excluded from "the programs, services, and activities offered" at the Property.

---

[1] Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (citing *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004)). Plaintiff seeks compensatory and statutory damages pursuant to the state law claims. (Dkt. No. 1, at 10).

[2] The facts are taken from the complaint and, in light of the Court's sua sponte consideration of whether it has subject matter jurisdiction, materials that have been submitted outside the complaint, including the affidavits and documentary evidence. *See U.S. Bank Tr., N.A. v. Gebman*, No. 16-cv-7033, 2018 WL 3745672, at *2, 2018 U.S. Dist. LEXIS 132828, at *3–4 (S.D.N.Y. Aug. 7, 2018).

[3] Plaintiff states two addresses for the Property: 40 Oriskany Boulevard, Whitesboro, NY 13492, (Dkt. No. 1, ¶ 10), and 1216 Gray Avenue, Utica, NY 13502, (*id.* ¶¶ 11, 15). In Plaintiff's motion for default judgment, he alleges that the latter address is correct. (Dkt. No. 11-1, at 2 & n.6).

(*Id.* ¶¶ 22, 24–25). However, Plaintiff "intends to and will enter [the Property]" in the future "as a patron and also as an ADA tester." (*Id.* ¶¶ 23, 26, 35).

Plaintiff, upon information and belief, alleges "that the following barriers are . . . the responsibility of Defendants": (1) "[t]he signs identifying the accessible-designated parking spaces are too low;" (2) "[t]here is no van-accessible parking space;" (3) "[t]here are no access aisles adjacent to the accessible-designated parking spaces;" (4) "[t]here are no curb cuts adjacent to the accessible-designated parking spaces;" (5) "[t]here is no accessible route from the accessible-designated parking spaces to the Property's entrance;" (6) "[t]he ramps to access the entrance to the Property are too narrow and have cracked and broken concrete;" (7) "[t]he entrance to the Property has a broken threshold[];" (8) "[t]here is no accessible route between the apartment buildings that comprise the [Property];" and (9) "[o]ther mobility-related ADA barriers at the Property, both interior and exterior to be identified following a complete inspection of the Property." (*Id.* ¶ 28). Upon Plaintiff's information and belief, "removal of [these] discriminatory barriers to access . . . is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants." (*Id.* ¶ 32).

On August 15, 2022, Plaintiff "returned to the Property to document the ADA barriers" and he identified that the "parking lot ha[d] received fresh asphalt" and that the same mobility-related barriers existed. (Dkt. No. 11-3, ¶¶ 7–8).

### III. STANDARD OF REVIEW

The Supreme Court has "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice

of the defect by dismissing the action." *Id.* (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)). "A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or *sua sponte* at any time." *U.S. Bank Tr., N.A. v. Monroe*, No. 15-cv-1480, 2017 WL 923326, at *2, 2017 U.S. Dist. LEXIS 32874, at *3 (N.D.N.Y. Mar. 8, 2017) (first citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); and then citing Fed. R. Civ. P. 12(h)(3)). When a plaintiff "lack[s] Article III standing, a court has no subject matter jurisdiction to hear [his] claim." *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

A plaintiff carries "the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001) (citations omitted). Accordingly, "[w]hether raised by motion, *sua sponte* or otherwise," a court's analysis is not limited to facts contained within the complaint; it may in addition rely upon "materials outside the pleadings, such as affidavits, documents and testimony in determining its subject matter jurisdiction." *U.S. Bank Tr., N.A. v. Gebman*, No. 16-cv-7033, 2018 WL 3745672, at *2, 2018 U.S. Dist. LEXIS 132828, at *3–4 (S.D.N.Y. Aug. 7, 2018) (citations omitted).

**IV.   DISCUSSION**

Plaintiff alleges that Defendants violated Title III of the ADA and seeks "declaratory and injunctive relief." (Dkt. No. 1, ¶ 1). The Court *sua sponte* addresses Plaintiff's standing.

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies' in which a plaintiff has a 'personal stake.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819–20 (1997)). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is

4

concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A plaintiff pursuing injunctive relief must establish that he "is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citation omitted).

In the ADA context, the Second Circuit has held "that a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (alteration in original) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). "These considerations may assist courts in determining whether an alleged prospective injury is sufficiently 'concrete and particularized.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). In particular, focus on the plaintiff's "intent to return based on past visits and proximity" "ensure[s] that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Id.* (quoting *TransUnion*, 141 S. Ct. at 2210). "[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* (internal quotation marks and citation omitted).

In *Calcano*, which was decided after Plaintiff filed the complaint in this matter, the Second Circuit held that the plaintiffs' conclusory allegations—that they resided "in close proximity to" the defendants' businesses, had been a "customer at [the defendants' location] on

5

prior occasions," and intended to "immediately purchase at least one store gift card from the [d]efendant as soon as the [d]efendant [sold] store gift cards that [were] accessible to the blind"—were insufficient to raise a reasonable inference of injury. *Id.* at 75 (noting that "conclusory invocations of the factors we found relevant in *Kreisler* are insufficient to establish standing"). The Second Circuit found that the plaintiffs' "vague assertions that they ha[d] been customers at [the defendants'] businesses 'on prior occasions'" failed to "nudge their claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). The Court noted that Plaintiffs failed to "provide *any* details about their past visits or the frequency of such visits," such as "which stores they visited," "what items they purchased," "why they want[ed] to purchase braille gift cards—for their own use or as gifts—so urgently that they intend[ed] to do so" as soon as the defendants sold gift cards that were accessible to the blind. *Id.* at 76–77 (emphasis in original).

Here Plaintiff alleges that the Property is about five miles from his home, and that he "frequently travels past the Property." (Dkt. No. 1, ¶ 16–17). However, Plaintiff's allegations about having visited the Property and his intent to return to the Property are, like the allegations in *Calcano*, vague and conclusory. Plaintiff alleges that he has "visited the Property to visit friends who live at the Property," (Dkt. No. 11-3, ¶ 6), without any further details regarding when or how often; and that he "intends to and will enter [the Property] to utilize the goods and services in the future," without further details specifying the goods or services or how he intends to use them, or other details about potential future visits. (Dkt. No. 1, ¶¶ 23, 26, 27, 30).

"[S]ome day intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the actual or imminent injury that Article III requires." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)

(internal quotation marks and citations omitted). As in *Calcano*, Plaintiff has not provided facts from which the Court could reasonably infer a real and immediate threat of future injury. *Calcano*, 36 F.4th at 76–78; *see, e.g.*, *Hennesssy by & through Hennessy v. Poetica Coffee Inc.*, No. 21-cv-5063, 2022 WL 4095557, at *4, 2022 U.S. Dist. LEXIS 161376, at *14 (E.D.N.Y. Sept. 7, 2022) (finding that an ADA plaintiff did not have standing where his "allegations regarding proximity and intent to return – that he lives in 'Kings County,' that he 'frequently travels to the area' where [the] [d]efendants' business is located, and that he 'intends to patronize' [the] business 'several times a year after it becomes fully accessible'" were vague and failed to plausibly establish standing for injunctive relief under the ADA); *Gannon v. JBJ Holdings, LLC*, No. 22-cv-1674, 2022 WL 6698222, at *3, 2022 U.S. Dist. LEXIS 185922, at *7 (S.D.N.Y. Oct. 11, 2022) (finding that the ADA plaintiff did not establish standing where he failed to allege "what [was] distinctive about" the defendants' donut shop, "the frequency with which he ha[d] visited the [Property] in the past," or his reasons for "want[ing] to avail himself of [the defendants'] services so urgently that he intend[ed] to do so immediately upon the removal of the alleged barriers" (citing *Calcano*, 36 F.4th at 77)); *Loadholt v. Dungarees, Inc.*, No. 22-cv-4699, 2023 WL 2024792, at *3, 2023 U.S. Dist. LEXIS 26006, at *6 (S.D.N.Y. Feb. 15, 2023) (dismissing ADA claim for injunctive relief when the plaintiff did "no more to allege intent to return [to Defendant's website] than the boilerplate allegations described in *Calcano*"); *cf. Chalas v. Barlean's Organic Oils, LLC*, No. 22-cv-4178, 2022 WL 17156838, at *2–3, 2022 U.S. Dist. LEXIS 211816, at *8–9 (S.D.N.Y. Nov. 22, 2022) (finding plaintiff had alleged sufficient facts to plausibly infer that she intended to return to the defendant's website when she identified a specific purpose –"to buy the [product] for her cousin after hearing that this product in particular could relieve her cousin's issue," and facts showing why she wanted to buy from the

7

defendant's website in particular – citing to quality products that had received awards and the defendant's commitment to "staying ahead of the innovation curve").

Because Plaintiff's conclusory allegations fail to establish standing to seek injunctive relief under the ADA, his ADA claim must be dismissed. *Calcano*, 36 F.4th at 76.[4] "[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice" because "without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016) (citations omitted). Accordingly, Plaintiff's complaint is dismissed in its entirety without prejudice.

Courts must "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the Court will grant Plaintiff leave to amend his complaint because the Court cannot rule out the possibility that the Plaintiff may be able to plead facts that plausibly establish standing. *See Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (explaining that the "liberal" and "permissive standard" of Rule 15 "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits" (citation omitted)).

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

---

[4] Because the Court dismisses Plaintiff's ADA claim for lack of Article III standing, it has not addressed whether the Complaint states a claim under the ADA, and it declines to exercise supplemental jurisdiction over the state law claims in Plaintiff's complaint. 28 U.S.C. § 1367(c)(3); *see Murphy v. Regal Cinemas, Inc.*, No. 19-cv-9930, 2022 WL 17821218, at *2, 2022 U.S. Dist. LEXIS 229031, at *6 (S.D.N.Y. Dec. 20, 2022) (declining to exercise supplemental jurisdiction over state and municipal law claims in the plaintiff's complaint after dismissing the ADA claims for lack of standing).

      **ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 11) is **DENIED as moot**; and it is further

      **ORDERED** that Plaintiff may file an amended complaint **within thirty (30) days of this Order**; and if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, judgment shall enter dismissing this action without prejudice without further order of the Court.

      **IT IS SO ORDERED.**

Dated: April 17, 2023
       Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge